Otto C. Jaeger, S.
In this accounting by an administrator c.t.a. objections have been interposed which relate to a specific devise under decedent’s will.
Decedent died on January 16, 1968 leaving a will dated September 30, 1957 which was admitted to probate on February 25, 1969. The will is written in decedent’s handwriting and subscribed by two attesting witnesses. One of the witnesses, Betty Johnston, is both a devisee and legatee under the will.
This construction is concerned with only the specific devise to Betty Johnston, the language of which reads as follows:
*1088 “ For Betty and Gene Johnston my house and all property of 96 Waring Place not including my cloths \_sic~] or jewelry. ’ ’ Gene and Betty Johnston are husband and wife. Gene Johnston, the decedent’s half brother, and the objectant, decedent’s sister, are decedent’s only statutory distributees. There is no residuary clause in decedent’s will. If this devise fails in its entirety as urged by objectant, it will pass under the laws of intestacy to both siblings as tenants in common (EPTL 6-2.2, subd. [d]).
No one disputes the fact that Betty Johnston’s testimony was necessary to prove this will. Neither does anyone deny that by reason of the statute (EPTL 3-3.2, subd. [a], par. [1]) both her legacy and the devise are rendered void. Bather, the dispute here lies in assessing what effect, if any, the voiding of this devise to Betty Johnston may have on, the gift to her codevisee, Gene Johnston.
Strangely enough, no reported cases appear to have dealt precisely with this question. The objectant places great emphasis on EPTL 6-2.2 (subd. [b]) which states: “A disposition of real property to a husband and wife creates in them a tenancy by the entirety, unless expressly declared to be a joint tenancy or tenancy in common ”. By virtue of this statute, there certainly appears no question that decedent intended to create a tenancy by the entirety in both of these devisees. Based on this finding of intent, the argument is made that there is “ an entirety of interest” in the devise which has now been severed, thus rendering the entire disposition void.
However, an important distinction must be drawn between what decedent intended and what actually occurred. While clearly a tenancy by the entirety was intended, it is equally as clear that no such tenancy ever came into existence. Obviously, it could not because the devise to Betty Johnston is void. Thus, at no point in time, either before or after death can it be argued that Betty Johnston was ever seized of any interest in this property. More simply stated, she never received anything under this will and the language of the devise must now be read as if her name were omitted entirely therefrom. It therefore serves no purpose to analyze, as counsel have, the nature of a tenancy by the entirety and the limited ways in which it may be destroyed.
It appears to the court that the approach to be followed here is the same as in other instances where legacies fail for one reason or another. One such instance is where a surviving spouse exercises an absolute right of election to take against the terms of the will. In so doing, the spouse forfeits all testa *1089 mentary benefits. Another is the situation which occurs when one party is disqualified from sharing by reason of his wrongdoing. It is well known that in both these cases the duty of the court is to give effect insofar as possible to the terms of the will and to uphold the balance of the testamentary scheme.
A further analogy and one perhaps that is more directly in point is the case of a joint tenancy. There the rule is clear that the predecease of a joint tenant under a will does not destroy the gift but rather vests the whole interest in the survivors, with the same result obtaining even if the gift failed as to one of the persons from any other cause than death (Downing v. Marshall, 23 N. Y. 366, 373).
The court sees no reason why a different rule should be applied here. There is nothing in the record to support a determination that this decedent intended to condition the gift to her brother only so long as his wife also shared. Accordingly, the court determines that on date of decedent’s death the entire fee interest to the real property mentioned in the specific devise vested solely in Gene Johnston and decedent’s will is so construed.
All objections relating to this real property therefore are dismissed.
The application to determine petitioner’s attorneys’ fees will not be passed upon at this time. Attorneys’ fees will be determined by separate memorandum decision after this account has been amended and brought down to date.
Entry of a decree shall await the disposition of the matter of petitioner’s attorneys’ fees.